UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| FA DA LIN, ) <br> ) <br>     Petitioner, ) <br> ) <br> vs. ) <br> ) <br> ) <br> ALBERTO R. GONZALES, *et al.*, ) <br> ) <br>     Respondents. ) <br> ) | 2:06-cv-01197 JWS <br><br> ORDER AND OPINION <br><br> [Re: Report and Recommendation] |

## I.  MATTER PRESENTED

At docket 1, petitioner Fa Da Lin filed A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, claiming that he was being illegally detained pending his removal to the People's Republic of China.  At docket 5, respondents Alberto Gonzales, *et al.*, filed a Suggestion of Mootness, notifying the court that petitioner Fa Da Lin was removed to the People's Republic of China on June 28, 2006.  At docket 11, Magistrate Judge Glenda Edmonds filed her report and recommendation, recommending that the court dismiss Lin's petition as moot.  No objections were filed to the report and recommendation.

## II.  STANDARD OF REVIEW

The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[1]  When reviewing a magistrate judge's report and recommendation in a habeas case, the district court reviews *de novo* conclusions of law[2] and findings of fact to which parties object.[3]  The court reviews for clear error uncontested findings of fact.[4]

## III.  DISCUSSION

Having reviewed the magistrate judge's report and recommendation under the standard of review articulated above, the court agrees with the magistrate judge's findings of fact and conclusions of law.  Accordingly, the court **ACCEPTS** the report and recommendation at docket 11.  The petition at docket 1 is **DISMISSED AS MOOT.**

DATED at Anchorage, Alaska, this 20th day of October 2006.


                                        /s/
                                   JOHN W. SEDWICK
                              UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 636(b)(1).

[2] *Barilla v. Ervin*, 886 F.3d 1514, 1518 (9th Cir. 1989), *overruled on other grounds by Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174 (9th Cir. 1996).

[3] 28 U.S.C. § 636(b)(1).

[4] *Taberer v. Armstrong World Indus., Inc.*, 954 F.2d 888, 906 (3d Cir. 1992).